UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM R. PUNDMANN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-CV-00297 NAB |
| | ) | |
| UNITED STATES POSTAL SERVICE | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER[1]

This matter is before the Court on Defendant United States Postal Service's ("USPS")[2] Motion to Dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. 5). Plaintiff has not responded to the motion, and the time allowed for doing so has elapsed. For the reasons set forth below, the Motion is granted.

**I.    Background**

This is a *pro se* action for money damages brought against the USPS for losses allegedly sustained when a package, mailed by a third party to Plaintiff, did not arrive when expected. (Doc. 1). Plaintiff and his family traveled from Saint Louis, Missouri, to Seattle, Washington, on July 3, 2015, with plans to embark on a cruise that was scheduled to depart from Seattle on July 5, 2015. (Doc. 6 at 2). For reasons unexplained in the complaint, Plaintiff and his family did not have their passports with them when they flew to Seattle, even though passports would be required in order to board the cruise. *Id.* On the afternoon of July 3, an acquaintance in Saint

---

[1]    The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).
[2]    Defendant correctly notes that the USPS should be dismissed as a named defendant, and the United States of America should be substituted as the proper party defendant, pursuant to 28 U.S.C. § 2679(b)(1). (Doc. 6 at 4). However, Defendant has not yet moved for such substitution, and, in any event, such a motion would be moot in light of our dismissal of the present action.

Louis mailed the passports to Plaintiff's hotel in Washington using a Priority Mail Express label. *Id*. Although the shipping label indicated a scheduled delivery time of July 5, 2015, at 3:00 p.m., the package was not delivered to Plaintiff on that day. *Id*. Lacking the required passports, Plaintiff and his family were unable to go on their scheduled cruise. *Id*.

On March 29, 2016, the USPS received an administrative claim submitted by Plaintiff, asserting damages in the amount of $8,390.92, which included costs related to air travel, hotel rooms, and cruise cancellation fees. (Doc. 6-1 at 1-3). In his claim, Plaintiff alleged that the USPS had been "gross[ly] negligen[t]" for failing to notify Plaintiff that the Express Mail package would not be delivered on time. (Doc. 6-1 at 1). Plaintiff alleged that "[i]f the Postal Service had contacted me with the phone number shown on the front of the Express envelope, I would have made an air round trip from Seattle to St. Louis to pick up the Express Mail envelope." *Id*. Plaintiff further asserted that the "Postal Service made a gross misrepresentation stating that the said envelope had departed USPS St. Louis on July 4, 2015 at 4:08 AM." *Id*. On July 29, 2016, the USPS denied Plaintiff's administrative claim, basing their determination on the exclusion to the statutory waiver of governmental sovereign immunity found in the Federal Tort Claims Act[3] (the "FTCA"), 28 U.S.C. §2680(b), which "excludes liability for claims based upon the loss, miscarriage, or negligent transmission of letters or postal matter." (Doc. 6-4). The denial letter provided instructions to Plaintiff regarding how to file a complaint in federal district court if he were unhappy with the outcome of his administrative claim. *Id*.

On January 27, 2017, Plaintiff filed his complaint with this Court, asserting that his damages do not arise out of the "negligence [sic] transmission of letters or postal matter," but, rather, from the "lies and/or misrepresentations on [Defendant's] web site." (Doc. 1). Plaintiff alleges that Defendant's website indicated that the package containing the passports had departed

---

[3] Title 28, U.S.C., §§ 1346, 2671 - 2680.

St. Louis on July 4, 2015, even though the package did not actually depart St. Louis until July 6, 2015, and that this was a "gross misrepresentation" on the part of the USPS. *Id.* Plaintiff asserts that because of this "misrepresentation," his family missed their cruise, and he is entitled to money damages to cover the costs of his family's airfare, hotel stay, and cruise cancellation fees. *Id.* In response, Defendant argues that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, because Plaintiff's claims are barred by sovereign immunity.

## II. Legal Standard and Analysis

### A. Fed. R. Civ. P. 12(b)(1)

Fed. R. of Civ. P. 12(b)(1) provides that a party may move to dismiss an action based on lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate when subject matter jurisdiction is successfully challenged on the face of the complaint or on the facts. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Because a Rule 12(b)(1) motion addresses "the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). A court deciding a motion under Rule 12(b)(1) must distinguish between a "facial attack" and a "factual attack" *Osborn*, 918 F.2d at 729. A distinction, "often overlooked, [exists] between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction *in fact*, quite apart from any pleadings." *Walls v. Bd. of Regents of Se. Mo. State Univ.*, No. 1:09 CV 35 RWS, 2009 WL 2170176, at *1, (E.D. Mo. July 20, 2009), (emphasis added) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "In the first instance, the court restricts itself to the face of the pleadings, and the non-moving

party receives the same protections as it would defending against a motion brought under rule 12(b)(6)." *Osborn*, 918 F.2d at 729. Under a factual attack, however, "no presumptive truthfulness attaches to the plaintiff's allegations," and the non-moving party does not have the benefit of Rule 12(b)(6) safeguards. *Osborn*, 918 F.2d at 730. Considering evidence beyond the complaint does not convert a Rule 12(b)(1) motion to a Rule 56 motion for summary judgment. *Id.* at 729. As Defendant has attached and referenced materials which are outside of the pleadings, the Court will treat Defendant's motion as a factual attack on Plaintiff's complaint.

### B. Sovereign Immunity

The defense of sovereign immunity shields the United States from suit unless it consents to be sued. *Miller v. Tony and Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998). This consent "must be unequivocally expressed in statutory text. . . and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." *Id.* It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States and its agencies. *See*, *e.g.*, *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Furthermore, "sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475 (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.")).

The FTCA waives sovereign immunity for some torts. Generally, the FTCA provides liability for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). To the extent that Plaintiff is asserting a tort claim[4], his sole remedy is an

---

[4] The exact nature of Plaintiff's Complaint is not entirely clear. The Complaint does not state any basis for jurisdiction and it does not refer to any laws or regulations. It is evident that Plaintiff seeks money damages

4

FTCA action against the United States. However, the FTCA's waiver of sovereign immunity is subject to several limitations. Pursuant to the FTCA, the United States has expressly retained its sovereign immunity for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. §2680(b). In *Dolan v. U.S. Postal Serv.*, 546 U.S. 481 (2006), the Court interpreted this statutory provision, stating that "Congress intended to retain immunity . . . for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late." *Id*. at 489. Congress also explicitly retained sovereign immunity for claims arising out of a misrepresentation. See 28 U.S.C. §2680(h). This misrepresentation exception has been applied to negligent as well as to intentional misrepresentations. *U.S. v. Neustadt*, 366 U.S. 696, 702 (1961). Here, Plaintiff's claim relates to the "negligent transmission" of a package, namely the failure of that package to arrive when expected, and the alleged "misrepresentations" made by Defendant with regards to the projected delivery time. Because the USPS enjoys sovereign immunity for claims related to the late arrival of goods within the postal system, as well as for claims related to misrepresentation, and as there is nothing before the Court showing that the USPS has waived its immunity, Plaintiff's claim must be dismissed because this Court lacks subject matter jurisdiction.

Accordingly,

---

resulting from the late arrival of a postal package, yet he frames his complaint in language evoking fraud, accusing the USPS of "lie[s] and misrepresentation[s]. (Doc. 1 at 1). In any event, the Complaint seems to sound in tort, whether for the alleged negligent transmission of a postal package, or for the alleged misrepresentations made by Defendant regarding the expected delivery date of the package. *Id*.

**IT IS HEREBY ORDERED** that pursuant to Fed. R. Civ. P. 12(b)(1) Defendant United States Postal Service's Motion to Dismiss is **GRANTED**.

Dated this 8th day of November, 2017.

    /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE